UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **BERNADETTE DICKERSON, ROBERTA ARMIJO, and MARLENE GUTIERREZ**, individually, and on behalf of others similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>**CARENET – INFOMEDIA GROUP, INC.,** d/b/a **CARENET HEALTHCARE SERVICES**<br><br>       Defendant. | Case No. 5:22-cv-00197-JKP |

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT AND OTHER RELATED RELIEF**

As reflected in the accompanying "Class/Collective Action Settlement Agreement," (*See* ECF. No. 33-2, the parties have agreed to settle this lawsuit on behalf of the putative class/collective members for $684,375.00. As discussed herein, approval of the settlement is warranted under 29 U.S.C. 216(b) of the FLSA and Fed. R. Civ. P. 23.

Under the December 1, 2018 amendments to Federal Rule of Civil Procedure ("Civil Rule") 23, the Court "should direct notice in a reasonable manner" to all class members covered by a proposed settlement, if the parties demonstrate that, at the post-notice final approval stage, the Court "will likely be able to" (i) give final approval of the settlement under the criteria described in Civil Rule 23(e)(2) and (ii) certify the settlement class. *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).[1] As discussed in the accompanying memorandum, Plaintiffs submit that notice

---

[1] Prior to December 1, 2018, the standard for "preliminary approval" of class action settlements was not explicitly addressed in Civil Rule 23 and varied from circuit to circuit.

of the instant settlement should be issued to class members (i.e. the settlement should be "preliminarily approved") because both of these requirements are satisfied.  First of all, the Court "will likely be able to" give final approval to the settlement under Civil Rule 23(e)(2) because:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Secondly, the Court "will likely be able to" certify the settlement class because the putative settlement class satisfies Civil Rule 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation and Civil Rule 23(b)(3)'s two additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Furthermore, as explained in the accompanying memorandum, the proposed notice form and protocols constitute "the best notice that is practicable" under the criteria described in Civil Rule 23(c)(2)(B).  And, finally, the undersigned law firm is qualified to be appointed interim class counsel pursuant to Civil Rule 23(g)(3).

**WHEREFORE**, Plaintiffs respectfully request that the Court grant this motion and enter the accompanying proposed order.

Respectfully submitted,

Dated: July 26, 2022

/s Kevin J. Stoops
Kevin J. Stoops
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Phone: (248) 355-0300
kstoops@sommerspc.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, thereby serving all counsel of record.

/s Kevin J. Stoops
Kevin J. Stoops
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Phone: (248) 355-0300
kstoops@sommerspc.com