UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**BERNADETTE DICKERSON,
ROBERTA ARMIJO, MARLENE
GUTIERREZ,**

  *Plaintiffs*

v.

**CARENET—INFOMEDIA GROUP,
INC.,**

  *Defendant*

Case No. SA-22-CV-00197-JKP

## ORDER

Before the Court is the unopposed motion by Plaintiffs Bernadette Dickerson, Roberta Armijo, and Marlene Guiterrez, on behalf of themselves and similarly situated employees of Defendant Carenet—Infomedia Group, Inc. d/b/a Carenet Healthcare Services, for preliminary approval of the parties' class and collective action settlement agreement, pursuant to Federal Rule of Civil Procedure 23(e) and 29 U.S.C. §§ 201, et seq. (*ECF No. 10*).

Plaintiffs, without opposition by Defendant, seek an Order (1) preliminarily certifying the class and collective claims for settlement purposes only under the Federal Rule 23and 29 U.S.C, §§ 201, et seq.; (2) preliminarily approving the parties' Settlement; (3) preliminarily appointing Plaintiffs as the representatives of, and Sommers Schwartz, P.C., Siegel Law Group, and The Hedgepeth Law Firm as counsel for, the Settlement Class Members; (4) approving the parties' proposed form for providing Notice of the Settlement to the Settlement Class Members and the form of the Opt-Out Request for those Settlement Class Members wishing to be excluded from

the Settlement; and (5) scheduling a hearing on the final approval of the Settlement and approval of the application of Class Counsel and Plaintiffs for the requested attorneys' fees, costs, and service awards.

Having considered the papers filed in support of the motion, the arguments of counsel, and the law, the Court now **ORDERS** as follows:

1. The Motion is **GRANTED**, and the settlement of this action is **PRELIMINARILY APPROVED** because it appears that, at the final approval stage, the Court will "will likely be able to" approve the Settlement under the criteria described in Federal Rule 23(e)(2) and certify the settlement class under the criteria described in Federal Rules 23(a) and 23(b)(3). *See* Fed. R. Civ. P. 23(e)(1)(B)(i)–(ii).

2. The Notice Packet attached to the Agreement and the notice protocols described in the Agreement are approved pursuant to Federal Rules 23(c)(2)(B) and 23(e)(1).

3. Individuals who wish to exclude themselves from the settlement must follow the procedures described in the Notice Packet and must do so within 45 days of issuance of Notice.

4. Individuals who wish to object to the settlement must follow the procedures described in the Notice Packet and must do so within 45 days of issuance of Notice.

5. Sommers Schwartz, P.C., Siegel Law Group, and The Hedgepeth Law Firm are appointed interim class counsel pursuant to Federal Rule 23(g)(3) and shall ensure that the notice process contemplated by the Settlement is followed. The Court will make its final decision regarding the appointment of class counsel after the final approval and pursuant to the criteria described in Federal Rule 23(g)(1).

6. Pursuant to Federal Rule 23(e)(2), a hearing addressing final approval of the settlement will be held on **December 14, 2022 at 10 AM** in Courtroom B on the second floor of

the San Antonio Federal Courthouse. During this hearing, the Court will hear from any objectors or other class members who wish to address the Court and will hear argument from counsel regarding, inter alia, the following issues: whether the settlement warrants final approval under Federal Rule 23(e)(2) and 29 U.S.C. § 216(b); whether the settlement class should be certified under Federal Rules 23(a) and 23(b)(3); whether the service awards set forth in the Agreement should be approved; and whether the attorney's fees and litigation costs sought by interim class counsel in the Agreement should be approved under Federal Rule 23(h).

7. The Parties and the Settlement Administrator will comply with the following schedule for the Settlement Administration and final approval process, based on a preliminary approval date of August 19, 2022.

| Due Date | Activity |
| --- | --- |
| August 19, 2022 | Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval |
| September 2, 2022 | Defendant provides the Class Information for the Class Members to Settlement Administrator |
| September 16, 2022 | Settlement Administrator to mail Class Notice to the Class Members |
| October 28, 2022 | Deadline for Class Counsel to File Motion for Approval of Attorneys' Fees and Costs and Class Representative Service Award and Declaration from Administrator, and Class Counsel in support |
| November 16, 2022 | Last day for Class Members to Object to the Settlement |
| November 16, 2022 | Last day for Class Members to submit an Opt-Out Request |
| November 23, 2022 | Deadline for Class Counsel to File Motion for Final Approval of the Settlement, Declaration from Administrator, and Supplemental Documents for Fees Motion |

8. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions as of before entering into the Settlement Agreement. The Court's findings are for purposes of certifying a settlement class and to settle the matter and will not have any claim or issue preclusion or estoppel effect in any other action against Defendant, or in this action, if the Settlement is not finally approved.

It is so ORDERED.
SIGNED this 19th day of August, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE