UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**BERNADETTE DICKERSON,
ROBERTA ARMIJO, MARLENE
GUTIERREZ, individually and on
behalf of others similarly situated**

    *Plaintiffs*,

v.

**CARENET—INFOMEDIA GROUP,
INC., d/b/a CARENET HEALTHCARE
SERVICES**

    *Defendant*.

Case No.  SA-22-CV-00197-JKP

### REVISED ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT AND PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF CLASS COUNSEL'S FEES, LITIGATION EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS

The Court has reviewed and considered the motion for final approval of the class and collective action settlement agreement ("Settlement" or "Agreement") (ECF No. 18) and also the motion for approval of class counsel's fees and costs and class representative services awards (ECF No. 17) submitted by Plaintiffs Bernadette Dickerson, Roberta Armijo, and Marlene Gutierrez ("Plaintiffs"), on behalf of themselves and similarly situated employees of Defendant Carenet – Infomedia Group, Inc., d/b/a Carenet Healthcare Services ("Defendant") (together, the "Parties"). The Court preliminarily approved the Parties' Agreement and proposed resolution of Plaintiffs' class and collective action claims on behalf of the Class/Collective Members. (ECF No. 14).

In accordance with the order granting preliminary approval, and in compliance with due process, the Settlement Administrator sent the Court-approved Notice to each of the Settlement

Class Members by first-class mail. The Notice informed the Settlement Class Members of the terms of the Agreement, the right to participate in the Settlement, the right to object to the Agreement, the right to request exclusion and pursue their own remedies, and the right to appear in person or by separate counsel at the Final Settlement Approval Hearing regarding final approval of the Agreement.

The motion for final approval seeks final approval of the Agreement and entry of judgment that will bind each Settlement Class Member, and will operate as a full release and discharge of the claims set forth in paragraph 22 of the settlement Agreement (the "Released Claims").

Having received and considered Plaintiffs' motion for preliminary approval of the Settlement, Plaintiffs' motion for final approval of the settlement Agreement, that there were no objections to the settlement Agreement, that only 22 out of 5,689 Settlement Class Members opted out of the Agreement, Plaintiffs' motion for Class Counsel's attorneys' fees, litigation expenses and class representative service awards, the file in this case, and the evidence and argument received by the Court before entering the Preliminary Order and before and at the Final Settlement Approval Hearing, **THE COURT HEREBY ORDERS, ADJUDGES AND DECREES THAT**:

1. Initial-capitalized terms in this Final Approval Order and Judgment (the "Order") shall have the same meaning as assigned to them in the parties' attached Agreement.

2. The Settlement Administrator has fulfilled its initial notice and reporting duties under the Settlement.

3. The Notice to the Settlement Class Members: (i) was the best practicable notice under the facts and circumstances of this case; (ii) was reasonably calculated to apprise the

Settlement Class Members of the pendency of the Action, their right to participate in the settlement Agreement, their right to exclude themselves from the Agreement, and their right to object to, and/or appear at the Final Settlement Approval Hearing; and (iii) constituted due, adequate, and sufficient notice of a class/collective settlement under Federal Rule of Civil Procedure 23, 29 U.S.C. §§ 201, *et seq.*, due process, and any other applicable rules or law. Only 22 individuals asked to exclude themselves from the Agreement, and there were no objections to the Agreement.

4.     The notice of settlement served by Defendant on the U.S. and applicable state attorneys general satisfies the requirements of the Class Action Fairness Act. The Attorneys General have expressed no objections to the Settlement.

5.     The terms of the Agreement are fair, reasonable and adequate, and the standards and applicable requirements for final approval of this class and collective action settlement are satisfied, including the provisions of Rule 23 of the Federal Rules of Civil Procedure and the provisions of 29 U.S.C. §§ 201, *et seq*.

6.     The Agreement has been reached as a result of intensive, serious, and non-collusive, arms-length negotiations and was achieved with the aid of an experienced mediator. The Agreement was entered into in good faith as to each Settlement Class Member.

7.     Counsel for the Settlement Class are experienced class action litigators and have expressed the view that the Settlement is fair, reasonable, and adequate.

8.     The Court has considered the factors set forth in *Jones v. Singing River Health Servs. Found.*, 865 F.3d 285, 293 (5th Cir. 2017), including: (1) The existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of

plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members. Based on these considerations, the Court finds that the amounts to be paid under the Agreement are fair and reasonable. Moreover, the allocation of the Net Settlement Amount among the Settlement Class Members is fair, adequate, and reasonable. The fact that a settlement represents a compromise of the Parties' respective positions, rather than the result of a finding of liability at trial, also supports the Court's decision granting final approval.

9. The Court appoints counsel for the Plaintiffs as representatives of, and as counsel ("Class Counsel") for, the Settlement Class Members for the purpose of entering into and implementing the Agreement.

10. The Settlement Administrator is to execute the distribution of proceeds of the Agreement amount pursuant to the terms of the Agreement.

11. As of the Effective Date, the Settlement Class Members who did not opt out of the Agreement are bound by the release of claims set forth in paragraphs 22 and 36 of the Agreement, and the Plaintiffs are bound by the general releases of claims set forth in paragraph 37 of the Agreement.

12. The fees, expenses, and any other costs of Rust Consulting in administering the Agreement, the amount of **$33,000.00**, are fair and reasonable. Payment of that amount shall be paid out of the gross Agreement amount in accordance with the Agreement, which shall fully, finally and completely compensate Rust Consulting, for all fees, expenses and any other costs in administering the Settlement.

13. Based upon application by Plaintiffs' Counsel and Plaintiffs, the Court approves the payment of incentive awards in the amount of **$12,000.00** to the Plaintiffs as follows: $4,000

to Bernadette Dickerson; $4,000 to Roberta Armijo; and $4,000 to Marlene Gutierrez (in addition to any recovery they may receive as Settlement Class Members under the Settlement) in recognition of their efforts and the risks they undertook in prosecuting this Action.

14. Based upon application by Class Counsel, and as amended in the hearing on December 14, 2022, the Court approves the payment of attorneys' fees to Class Counsel in the amount of in the amount of **33.33%** of the gross Settlement Amount, i.e. **$228,125.00**, and litigation expenses to Class Counsel in the amount of **$11,273.88**, to be paid in the manner set forth in the Settlement. No other attorneys or law firms shall be entitled to any award of attorneys' fees or litigation expenses from Defendant in any way connected with this litigation.

15. The Agreement and this final approval Order shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings to the extent any such lawsuits or other proceedings include any claims of the Plaintiffs or any claims of the Settlement Class Members that are subject to the releases set forth in the Agreement or on the FLSA settlement checks for those cashing these checks, whether those lawsuits or proceedings are maintained by or on behalf of Plaintiffs or the Settlement Class Members, or to the extent the claims would otherwise be barred by principles of *res judicata*. The Agreement and this Order shall be binding on the Plaintiffs, the Settlement Class Members, their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

16. The Plaintiffs and the Settlement Class Members are permanently barred from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise)

in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the claims they released in the Agreement.

17. The Agreement provided for herein, and any proceedings undertaken pursuant thereto, may not be offered, received, or construed as evidence of: a presumption, concession, or an admission by any party of liability or non-liability; the certifiability or non-certifiability of the class and collective claims resolved by the Agreement; provided, however, that reference may be made to this Agreement in such proceedings as may be necessary to effectuate the provisions of this Agreement.

18. This Order shall be entered forthwith, dismissing this lawsuit with prejudice.

19. Without affecting the finality of this Order, the Court retains continuing jurisdiction over the Plaintiffs, Defendant, and the Settlement Class Members as to all matters concerning the administration, consummation, and enforcement of this settlement Agreement and Order.

20. After settlement administration and distribution of funds have been completed, the Parties shall file a report with this Court certifying compliance with the terms of the Agreement and this Order, including copies of the FLSA opt in consents on the back of the FLSA settlement checks.

21. If this Order is reversed on appeal or the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of claims on class and collective action bases, appointment of class representatives, and appointment of Class Counsel shall be void and of no further effect, and the parties shall be returned to the status each occupied before entry of the Preliminary Approval Order and this Order without prejudice to any legal argument that any of the parties might have asserted but for the Settlement Agreement.

**IT IS THEREFORE ORDERED** that the Court **GRANTS IN PART** plaintiffs' unopposed Motion for Attorney Fees (ECF No. 17), consistent with this Order.

**IT IS FURTHER ORDERED** that the Court **GRANTS** plaintiffs' Motion for Leave to Exceed Page Limitation (ECF No. 18).

**IT IS FURTHER ORDERED** that the Court **GRANTS IN PART** plaintiffs' Amended Unopposed Motion for Final Approval of Settlement (ECF No. 20), consistent with this Order.

**IT IS FURTHER ORDERED** that the Court **DENIES AS MOOT** plaintiffs' first Unopposed Motion for Final Approval of Settlement (ECF No. 19).

**IT IS FINALLY ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall terminate this case.

This order revises and replaces the Court's earlier order as to the amount of attorneys' fees and litigation expenses. The Court approves the payment of attorneys' fees to Class Counsel in the amount of in the amount of **33.33%** of the gross Settlement Amount, i.e. **$228,125.00**, and litigation expenses to Class Counsel in the amount of **$11,273.88**, to be paid in the manner set forth in the Settlement.

It is so ORDERED.
SIGNED this 15th day of December, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE